United States District Court
Southern District of Texas
**ENTERED**
May 23, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE MARTINEZ *and* CARMEN MARTINEZ, <br><br> Plaintiff, <br><br> v. <br><br> AMGUARD INSURANCE COMPANY, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § Civil Action No. H-23-1280 |

## ORDER

Pending before the Court is Defendant AmGuard Insurance Company's Motion for Summary Judgment (Document No. 15). Having considered the motion, submissions, and applicable law, the Court determines that the motion for summary judgment should be granted.

## I. BACKGROUND

This is an insurance dispute. Plaintiff Jose Martinez and Plaintiff Carmen Martinez (collectively, the "Plaintiffs") are the owners of a real property insurance policy (the "Policy") issued by Defendant AmGuard Insurance Company ("AmGuard"). After a loss occurred during winter storm Uri, the Plaintiffs filed a claim and were subsequently issued a claim number by AmGuard. Flores alleges that AmGuard failed to adjust the claim properly and improperly and insufficiently

paid the claim with obvious knowledge and evidence of serious damages. The parties ultimately disagreed with AmGuard's determination regarding the amount of loss that had occurred. On March 15, 2022, AmGuard received a letter of representation from the Plaintiffs' attorney, After conducting an April 6, 2022 reinspection of the Property, consistent with its estimate, AmGuard issued payment for $17,157.15 ($24,657.15, less $7,500.00 deductible).

On October 7, 2022, the Plaintiffs demanded that their claim be submitted to appraisal and designated Josh Noble as an appraiser. On October 19, 2022, AmGuard designated Tucker Patch as its appraiser, subject to a reservation of rights. On November 11, 2022, the appraisers selected Clint Roddy as an umpire. On July 21, 2023, the appraisers issued an appraisal award, which set the amount of loss at $58,237.24 Replacement Cost Value ("RCV") or $49,333.80 Actual Cash Value ("ACV"). On August 10, 2023, AmGuard notified Plaintiffs, through their counsel, that it would issue payment of the award (less depreciation, deductible, and prior payments) in the amount of $41,080.09. In addition to the award, AmGuard issued an additional $7,265.59 for potential interest under the Texas Prompt Payment of Claims Act ("TPPCA").

Based on the foregoing, on February 9, 2023, Flores filed suit against Allstate in Harris County Civil Court at Law No. 3 asserting claims for: (1) breach and anticipatory breach of contract; (2) breach of the duty of good faith and fair dealings;

(3) deceptive trade practices and unconscionable conduct; (4) violating the Texas Insurance Code by not making prompt payment; (5) unfair insurance practices in violation of Texas Insurance Code; (6) fraud; and (7) conspiracy to commit illegal acts. On April 5, 2023, AmGuard removed the case to this Court on the basis of diversity jurisdiction. On April 30, 2024, AmGuard moved for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.' " *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

### III. LAW & ANALYSIS

AmGuard contends summary judgment is proper because: (1) the Plaintiffs' breach of contract claim is now resolved as a matter of law due to AmGuard's

payment of the appraisal award; (2) the Plaintiffs' extra contractual-bad faith claims also fail because policy benefits are the only damages sought which is foreclosed on by the appraisal award; (3) the Plaintiffs' prompt payment claim fails because Allstate paid all possible prejudgment interest along with the appraisal award; and (4) because there is no longer an operable breach of contract claim the Plaintiffs are not entitled to attorney fees. Flores did not respond to Allstate's motion for summary judgment.

"Insurance policies are contracts." *Certain Underwriters at Lloyd's of London 21cvv. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018). Therefore, a federal court sitting in diversity in Texas applies Texas law in the interpretation of insurance policies. *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011). Under Texas law, "the insurer's payment of the award bars the insured's breach of contract claim premised on failure to pay the amount of the covered loss." *See Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 130 (Tex. 2019). The Fifth Circuit has also found that payment of a claim entitles the insurer to judgment on a breach of contract claim. *Randel v. Travelers Lloyds of Texas Ins. Co.*, 9 F.4th 264, 267-68 (5th Cir. 2021).

Here the Plaintiffs requested appraisal of their claim as provided for by the Policy. Upon the completion of the appraisal process, AmGuard paid an award of

$41,080.09 plus prejudgment interest of $7,265.59.[1] under Texas law and relevant case precedent the payment of the appraisal award forecloses on the Plaintiffs' breach of contract claim. Further, AmGuard providing the additional payment for interest forecloses on any claims for failure to make prompt payment. Courts in this district have held that summary judgment is appropriate when an insurer promptly pays the appraisal award and any possible interest that the insured would be entitled to under Texas law. *Trujillo v. Allstate Vehicle & Prop. Ins. Co.*, 2020 WL 6123131, at *5 (S.D. Tex. Aug. 20, 2020) (Werlein, J.). Additionally, AmGuard contends that with the appraisal award and interest payment foreclosing the underlying breach of contract claim, the additional extra-contractual claim now fails. When an insured seeks to recover damages that are "predicated on," "flow from," or "stem from" policy benefits, the insured must show that they are entitled to benefits under the policy, or they are barred from recovery. See, *USAA Tex. Lloyds Co. v. Manchaca*, 545 SW.3d 479, 495 (Tex. 2018).[2]

---

[1] *Defendant AmGuard Insurance Company's Motion for Summary Judgment*, Document No. 15 at 2–3.

[2] AmGuard also seeks summary judgment on attorney fees. Numerous federal courts are in agreement that attorney fees are precluded when a full appraisal award and any possible interest is paid. *Kahlig Enters. Inc. v. Affiliated FM Ins. Co.*, No. SA-20-CV-01091-XR, 2023 U.S. Dist. LEXIS 14940, 2023 WL 1141876, at *8 (W.D. Tex. Jan. 30, 2023) ("An insurer that violates the [Texas insurance code] may still be entitled to summary judgment if it paid the insured the full amount of interest that the insured could claim under the TPPCA.") (Rodriguez, J.).

6

The Plaintiffs also listed fraud and civil conspiracy in their complaint. AmGuard contends that Plaintiffs only made bare allegations and offered no evidence or response in support of their causes of action. *See Garcia v. United Prop. & Cas. Ins. Co.*, 2021 WL 5155716 at *3 (S.D. Tex. July 19, 2021)(Crane, J.). (granting summary judgment for insurer on insured's fraud claim because plaintiffs' pleaded claims were "conclusory" and plaintiffs presented no further competent summary judgment evidence). Additionally, Plaintiffs did not respond to AmGuard's motion or offer any counter argument or evidence to counter AmGuard's contentions. Failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Accordingly, the Court finds that AmGuard's motion for summary judgment should be granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant AmGuard Insurance Company's Motion for Summary Judgment (Document No. 15) is **GRANTED.**

**THIS IS A FINAL JUDGMENT**

SIGNED at Houston, Texas, on this 23 day of May, 2024.

DAVID HITTNER
United States District Judge

7